United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Robert Ballard, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-22810-Civ-Scola |
| Royal Caribbean Cruises LTD., | ) |
| Defendant. | ) |

**<u>Order Striking Complaint and Requiring Amended Complaint</u>**

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by Plaintiff Robert Ballard when he fell as he was walking to his seat at the ice show on the Defendant's ship. (ECF No. 1 at ¶ 7.) In the complaint, Ballard does not separately title or label his counts but seems to assert one count for negligence under the following theories of liability:

> The Defendant failed to adequately illuminate the seating areas at the ice-skating show, making it a tripping hazard; the Defendant failed to assign an adequate number of staff to assist passengers in finding their seats at the ice show; a section of stairs in the seating area at the ice show had improper riser heights, or other improper dimensions, making them hazardous; the Defendant gave the Plaintiff substandard medical care after his accident; the Defendant breached its duty in other ways to be determined during discovery.

(*Id.* at 2.)

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). One type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson*

*v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

The Complaint is a shotgun pleading and is stricken accordingly. In his complaint, Ballard lists at least three theories of liability, failure to properly staff, negligent design, and negligent medical care. (ECF No. 1 at ¶ 16.) These are separate causes of action that must be asserted independently and with supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith.").

The complaint also fails to include any factual allegations to support Ballard's claims of negligence. The *only* facts asserted are that on "December 31, 2018, the Plaintiff was a fare-paying passenger aboard the *Mariner of the Seas*" and he "f[e]ll and injure[d] himself as he was walking to his seat at the ice show on the lower deck." (ECF No. 1 at ¶¶ 5, 7) "Plaintiff has done little more than assert fact-free, wholly conclusory, boilerplate allegations . . . Plaintiff has failed to allege facts that are suggestive enough to render each element of his claim for negligen[ce] [ ] plausible." *Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1332-33 (S.D. Fla. 2018) (Goodman, Mag. J.). In its current form, the complaint fails to give the Defendant "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1322.

Accordingly, the Court **strikes** the Complaint, (**ECF No. 1**), as a shotgun pleading. Ballard may file an amended complaint by **July 22, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, Ballard shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou*, 2012 WL 2049431 at *6 ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations."). Ballard is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other

appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on July 12, 2019.

Robert N. Scola, Jr.
United States District Judge